IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| 9 HOUSTON LLC, | § | CASE NO.: 17-35614 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**EMERGENCY MOTION TO SELL APPROXIMATELY 3.378 ACRES OF LAND LOCATED IN HOUSTON, HARRIS COUNTY, TEXAS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQEUSTED RELIEF OR IF YOU BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

9 Houston, LLC ("**Debtor**"), files this *Emergency Motion to Sell Approximately 3.378 Acres of Land Located in Houston, Harris County, Texas, Free and Clear of Liens, Claims, Encumbrances, and Other Interests* ("**Motion**"). In support of this Motion, the Debtor respectfully states as follows:

---

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Court has constitutional authority to enter a final order regarding this Motion. 11 U.S.C. §§ 363(b) and (f) have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, 564 U.S. 462 (2011)). In the alternative, the sale of property of a bankruptcy estate free and clear of liens, claims, and interests is an essential bankruptcy matter, triggering the "public rights" exception. *See Id.*

## RELEVANT FACTUAL BACKGROUND

4. On September 30, 2017, Debtor filed a voluntary petition for protection under chapter 11 of the Bankruptcy Code. This initiated the above-captioned bankruptcy estate, creating its respective bankruptcy estate (the "**Estate**").

5. The Estate owns real property located 1317 Post Oak Park Drive, Houston, TX 77027. The Real Property consists of a 5.3968-acre site that was formerly improved as a multi-family residential project that has since been demolished. Of the 5.3968-acre site, the Debtor seeks to sell 3.378 acres of land (the "**Property**").

6. The Debtor is subject to the Bankruptcy Code's single asset real estate rules.[1] The Debtor continues to operate its business and to manage its Estate as a debtor-in-possession. No

---

[1] The Bankruptcy Code defines the term single asset real estate as, among other things, real property constituting a single property. 11 U.S.C. § 101(51B).

**EMERGENCY MOTION TO SELL REAL PROPERTY**

PAGE 2

trustee or examiner has been appointed. No official committee of unsecured creditors has been appointed.

7. The Debtor's Schedule D indicates that the Property is encumbered by a secured claim in favor of CC3 Post Oak Park Holdings, LLC ("**CC3**") in the amount of $17,474,382.16. CC3 posted the property for foreclosure prepetition. The Debtor also owes property taxes to Harris County in the amount of $494,448.96 for tax years 2015 and 2016. The total amount of secured debt, not including 2017 real property taxes, totals approximately $17,968,831.12.

8. The Debtor's Schedule F debt totals $685,325.25. The total debt scheduled by the Debtor is $18,654,156.37. For months, the Debtor has sought a solution that will result in payment to creditors. The Debtor, subject to Court approval, has found a potential purchaser for a portion of the Property.

9. On November 6, 2017, the Debtor filed an Application to Employ ("**Employment Application**") Jones Lang LaSalle Brokerage, Inc. ("**JLL**") as the real estate brokerage firm and Simmi Jaggi ("**Jaggi**") as the listing agent to assist the Debtor in marketing and selling the Property. The proposed employment order provides that the Debtor will pay the Broker a 2% commission on closing the sale of the Property at closing from the proceeds of the sale of the Property.

10. Jaggi, the proposed listing agent, has shown the Property to various prospective buyers. Martin Fein Interests, Ltd. ("**Purchaser**"), an independent purchaser with no relationship to the Debtor, made an offer to purchase an undivided interest in the Property, consisting of approximately 3.378 acres of land ("**Land**") with a purchase price of $19,865,000.00, which equates to $135 per square foot multiplied times the gross area of the land stated in square feed as determined and certified by a survey. The proposed Purchase and Sale Agreement ("**Purchase Agreement**") requires the Purchaser to pay $150,000 earnest money deposit within three (3) days of execution of the Purchase Agreement, and an additional earnest money deposit of $150,000 on or before the

expiration of the due diligence period. The due diligence period shall begin on the date of a final order on this motion to sell, and ending on the ninetieth day thereafter. Closing on the Land will occur not less than thirty days after the expiration of the due diligence period, provided, however, that the Purchaser may at its option extend the closing date for up to two periods of thirty days each. Closing will occur no later than 180 days after the date of a final sale order. A copy of the Executed Purchase Agreement is attached as **Exhibit A**.

11. The sale of the Land allows the Debtor to retain approximately two (2) acres of the Property. The sale of the Land is in the best interest of the bankruptcy estate because it allows for the payment of all ad valorem property taxes and a substantial portion of the secured debt. This sale allows the Debtor flexibility it needs to refinance the remaining land to pay the remaining portion of the secured debt and unsecured creditors. Indeed, simultaneously at the closing of this sale, the Debtor intends to close the refinancing of the remaining land and use those funds to pay creditors.

12. As stated previously, the total sales price is $19,864,666.80. The distribution of sales proceeds will occur in the following "waterfall" distribution:

    a. Estimated title fee and closing costs: $74,689.66;

    b. Broker's commission: $397,293.34;

    c. Estimated Ad Valorem taxes (2015, 2016, 2017, and 6 months proration for 2018) $1,512,914.07;

    d. CC3 Post Oak Park Holdings, LLC (the "**Lender**") or its assigns: $17,879,769.73.

13. As of August 23, 2017, the payoff provided to the Debtor by the Lender totals $17,190,739.24, with $15,923,912.64 of that amount being the principal balance. However, the The Debtor has not received a post-petition payoff quote from the Lender and the Lender has not filed a proof of claim. It is possible that the Lender will assert a claim for post-petition interest and attorneys' fees, and that such additional fees and expenses may exceed $17,879,769.73. Nevertheless, the payoff to the Lender will exceed its principal balance, and to the extent there is a

deficiency, such deficiency will attach to the remaining parcel of land and repaid when the Debtor refinances that property.

14.     The Purchase Agreement was negotiated and proposed in good faith, the purchaser is proceeding in good faith, and the sale is an arms-length transaction.

### **RELIEF REQUESTED**

15.     The Debtor respectfully requests entry of an order (i) authorizing the Debtor to sell the Land to Purchaser on the terms and conditions set forth in the Purchase Agreement; (ii) authorizing Charter Title Company ("**Closing Agent**") to disburse proceeds from the sale of the Property, to pay Broker's 2% commission, property taxes, and closing costs at closing or promptly thereafter, with any other liens attaching to the net proceeds subject to further order of the Court.

16.     Section 363(b) of the Bankruptcy Code provides that a debtor-in-possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

17.     A sale of estate property outside the ordinary course of business is proper, but the debtor-in-possession must articulate a sound business reason for the sale and show that the sale is in the best interest of the estate (i.e. that it is fair and reasonable), that the sale has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that the sale is an arms-length transaction. *See, e.g., In re Continental Airlines, Inc.*, 780 F.2d 1223, 1225 (5th Cir. 1986). The business justification for a sale must be considered on a case-by-case basis. *Id.* at 1226.  In evaluating such a sale, the Court must balance the need for flexibility with the concerns of affected creditors. *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989).

18.     The Debtor submits that the proposed sale is in the best interest of the Estate because the proposed purchase price of $19,865,000.00 for the Land is at market-value. It will generate significant funds to resolve the existing secured debt, and fully satisfy existing tax liens and will, in addition, provide the opportunity for the Debtor to refinance the remaining parcel of land that will

**EMERGENCY MOTION TO SELL REAL PROPERTY**

PAGE 5

provide funds to the Debtor to satisfy existing claims. Moreover, this purchaser is ideal because it offers a cash deal and does not require the purchaser to obtain independent financing.

19. The Debtor proposes to sell the Property to the Purchaser free and clear of liens, claims, encumbrances, and other interests, pursuant to § 363(f) of the Bankruptcy Code. Section 363(f) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

20. The proposed sale meets these criteria. The Debtor seeks to sell the property free and clear of the Lender's lien referenced below because the Debtor seeks to sell the Property free and clear of the Lender's lien to the extent it is not paid in full at closing. The Lender's interest is in bona fide dispute because post-petition interest and attorneys' fees remain unliquidated. The Lender's deed of trust and relevant assignments and modifications were filed in the Harris County real property records. The deed of trust has File Number 20140356728. The assignments and modifications have the following file numbers: 20140356729, 20140356730, RP-2016-390618, and RP-2017-112384.

21. The Lender will be adequately protected, because there is a substantial equity on the remaining parcel of land after the payoff of the secured lender. The Debtor intends to pay off the Lender's lien (to the extent there is a balance), and other unsecured creditors, using the remaining parcel of land as collateral.

22. The Debtor further seeks a finding that Purchaser is a buyer in good faith pursuant to § 363(m).

23. The Debtor further requests authority to make certain disbursements of proceeds from the sale of the Property at closing.  Specifically, the Debtor seeks authority to disburse proceeds from the sale of the Property at closing or reasonably promptly thereafter to pay: (a) the Broker's 2% commission, (b) the secured lien of CC3 Post Oak Park Holdings, LLC (or its assigns); (c) ad valorem taxes assessed on the Property, to the extent necessary, and (d) any closing costs and related charges necessary to close a sale of the Property.

24. Emergency consideration is necessary because the due diligence period begins after an order approving this sale becomes a final order. The sooner this occurs, the sooner the sale will close and a plan can be funded.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto, granting this Motion and: (i) approving the Executed Purchase Agreement and authorizing the Debtor to sell the Land to Purchaser on the terms and conditions set forth in the Contract; (ii) authorizing the Debtor to enter into the Executed Purchase Agreement with the Purchaser; and (iii) authorizing the Closing Agent to disburse the closing proceeds as set forth above at closing. The Debtor also requests such other and further relief to which he may be justly entitled.

Dated: November 27, 2017

                         Respectfully Submitted,

                         By: */s/ Jarrod Martin*
                              Jarrod Martin
                              Texas Bar No.  24070221
                              jmartin@nathansommers.com
                       Nathan Sommers Jacobs,
                       A Professional Corporation
                       2800 Post Oak Blvd. 61st Floor

> Houston, TX 77056
> (713) 960-0303 (main)
> (713)892-4800 (fax)
>
> **ATTORNEYS FOR DEBTOR**

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 27, 2017, a true and correct copy of the foregoing *Motion* was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that the foregoing *Motion* was served upon all parties listed below and on the attached Service List by no later than the next day after the filing of this Notice in accordance with Bankruptcy Local Rule 9013-1(f).

**Attorney for Buyer:**
Lee D. Schlanger
Schlanger Silver Barg & Paine, LLP
109 N. Post Oak Lane, Ste 300
Houston, TX 77024-7755

> */s/ Jarrod B. Martin*
> Jarrod B. Martin